IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| KRISTIN MOTLEY, | ) | |
| | ) Nos. | 3:05-CV-033; 3:05-CV-041; |
| Appellant, | ) | 3:05-CV-042; 3:05-CV-044; |
| | ) | 3:05-CV-045; 3:05-CV-046; |
| v. | ) | 3:05-CV-047; 3:05-CV-048; |
| | ) | 3:05-CV-049; 3:05-CV-050; |
| RICHARD F. CLIPPARD, | ) | 3:05-CV-051 |
| | ) | |
| Appellee. | ) | |

**MEMORANDUM OPINION**

In these eleven related cases, Kristin Motley (doing business as We the People Forms and Service Center of Knoxville) appeals the bankruptcy court's August 18, 2004 order [Record on Appeal, doc. 19] pertaining to her multitudinous violations of § 110 of the Bankruptcy Code (governing "bankruptcy petition preparers"). Following show cause orders (in which appellant was forewarned that she was potentially subject to fines and injunction) and a show cause hearing, the bankruptcy judge, *inter alia*, enjoined appellant from continuing to perform specified acts found to be violative of § 110.[1]

Having carefully considered the sizeable record, the briefs of the parties, and the pertinent law, this court finds no error below. Because the reasoning which supports this

---

[1] "The essential requirements of due process . . . are notice and an opportunity to respond." *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 546, 105 S. Ct. 1487, 1495, 84 L. Ed. 2d 494 (1985).

court's decision has already been well articulated by the bankruptcy judge, the undersigned will not issue a detailed written opinion because doing so would be unnecessary and duplicative.

The court must, however, briefly address authority issued subsequent to the bankruptcy court's order. Appellant cites *Fulton v. McVay*, 318 B.R. 546 (D. Colo. 2004), for the holding that a bankruptcy judge may not issue an injunction under § 110(j) outside of the context of an adversary proceeding. Appellant contends that "[w]hat the Colorado court said in that case should be dispositive of the appeal in this case."

Section 105(a) of the Bankruptcy Code provides that:

> The [bankruptcy] court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. *No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process*.

11 U.S.C. § 105(a) (emphasis added). The "broad equitable powers" granted by § 105(a) are "constrained to actions or determinations that are 'not inconsistent' with the Bankruptcy Code." *ATD Corp. v. Advantage Packaging, Inc. (In re ATD Corp.)*, 352 F.3d 1062, 1066 (6th Cir. 2003).

Section 110(j) of the Bankruptcy Code governs injunctions, providing that a debtor, trustee, creditor, or United States trustee "*may bring a civil action* to enjoin a bankruptcy petition preparer from engaging in any conduct in violation of this section or from further acting as a bankruptcy petition preparer." 11 U.S.C. § 110(j)(1) (emphasis

2

added); *see also* Fed. R. Bankr. P. 9002(1) (in material part, "'[a]ction' or 'civil action' means an adversary proceeding . . . or proceedings . . . to determine any other contested matter"). "In an action under [§ 110(j)(1)] . . . the court may enjoin the bankruptcy petition preparer from engaging in such conduct." 11 U.S.C. § 110(j)(2).

*Fulton* construes § 110(j)(1) as establishing two distinct requirements: (1) limiting *who* may pursue an injunction (debtor, creditor, trustee, or United States trustee); and (2) requiring that an injunction may be issued "*only* in the context of an adversary proceeding." *Fulton*, 318 B.R. at 552-54 (emphasis in original). Under *Fulton*, § 105(a) allows a bankruptcy judge to override the first of these requirements, but not the second. In other words, *Fulton* concludes that a bankruptcy court may not use its § 105(a) powers to *sua sponte* enjoin a petition preparer, because such injunctions may only be generated "in the context of an adversary proceeding." *Id*. at 554-55 (citing 11 U.S.C. § 110(j)(1)).

Respectfully, the undersigned cannot agree with *Fulton's* overly restrictive reading of §§ 105(a) and 110(j)(1). Instead, this court views § 110(j)(1) as a whole (both its "who" and its "how") as establishing a single "provision . . . providing for the raising of an issue by a party in interest." As noted, § 105(a) broadly declares that "[n]o provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the [bankruptcy] court from, sua sponte, taking any action or making any determination necessary or appropriate . . . to prevent an abuse of process."

3

The *Fulton* result renders a bankruptcy judge unable to fully contain a bankruptcy petition preparer, such as the present appellant, who abuses the bankruptcy process by misguiding unsophisticated debtors via the dissemination of misinformation and half-baked advice.[2]  Under *Fulton*, a bankruptcy judge is unable to halt such conduct absent the fortuitous initiation of a civil action by a debtor, creditor, trustee, or United States trustee. Such a result would "thwart[] the purpose of the Bankruptcy [Code]," *see Tennessee Student*

---

[2] In addition to the examples cited by the bankruptcy court, two of the many inaccuracies in appellant's distributed materials are particularly striking. Appellant's clients are misinformed that, for purposes of completing their *pro se* bankruptcy documents, the term of art "co-debtor" means "[a] married couple filing one petition."  *See We the People Forms and Service Centers, Inc. Tennessee Step by Step Guide*, at *3.  In fact, a husband and wife filing a single petition are *joint* debtors.  *See* 11 U.S.C. § 302(a).  A "codebtor" is properly defined under bankruptcy law as "an entity that is liable with the debtor on, or that has secured, a claim of a creditor against the debtor[.]" 11 U.S.C. § 509(a).

Further, in the "Bankruptcy Questions" portion of appellant's Tennessee Bankruptcy Overview literature, the following question and answer appears (in its entirety):

Q: My house, which was a gift from my grandmother, is fully paid.  Will it be taken in the bankruptcy?

A: If the value of the house falls within the allowable exemptions, you may claim it as exempt.  Generally, it must also be your primary residence.

*See We the People Forms and Service Centers USA, Inc. Bankruptcy Overview - Chapter 7 Tennessee*, at *19.  What this portion of appellant's legal advice does not make clear is that, as of the date of the bankruptcy filings at issue, Tennessee's homestead exemption for all individuals was a mere $5,000.00.  *See* Tenn. Code Ann. § 26-2-301.  Obviously, it is the uncommon home indeed that has a value "fall[ing] within [this] allowable exemption[]."

As these two examples further illustrate, the "guidance" provided by appellant to her generally unsophisticated *pro se* clients constitutes an abuse of process that urgently needed to be enjoined.

4

*Assistance Corp. v. Hornsby (In re Hornsby)*, 144 F.3d 433, 439 (6th Cir. 1998), and will not be sanctioned by this court.

In sum, the undersigned concludes that the bankruptcy court's use of its § 105(a) "broad equitable powers" was not inconsistent with any provision of the Bankruptcy Code and was thus proper. *See Norwest Bank Worthington v. Ahlers*, 485 U.S. 197, 206, 108 S. Ct. 963, 969, 99 L. Ed. 2d 169 (1988) (Bankruptcy courts are courts of equity whose powers may be exercised within the confines of the Bankruptcy Code.). Bankruptcy judges have "inherent powers to sanction conduct that is an affront to the judicial process." *In re Thompson*, 322 B.R. 769, 772 (Bankr. N.D. Ohio 2004). The present injunction was within the bankruptcy court's inherent authority to enforce its rules and regulate those who appear before it. *See, e.g., United States v. Schilling (In re Big Rivers Elec. Corp.)*, 355 F.3d 415, 442 (6th Cir. 2004); *see also Class Five Nev. Claimants v. Dow Corning Corp. (In re Dow Corning Corp.)*, 280 F.3d 648, 656 (6th Cir. 2002) (Bankruptcy courts have "the power to take appropriate equitable measures needed to implement other sections of the Code."); *Knowles Bldg. Co. v. Zinni (In re Zinni)*, 261 B.R. 196, 203 (B.A.P. 6th Cir. 2001) (noting the bankruptcy courts' "inherent power to impose sanctions").

Accordingly, the order of the bankruptcy judge is **AFFIRMED** upon the reasoning employed by that court in its "Memorandum on Bankruptcy Petition Preparer Show Cause Orders and on Related Objection and Motion" [Record on Appeal, doc. 18; *In re Rose*, 314 B.R. 663 (Bankr. E.D. Tenn. 2004)] that accompanied the challenged ruling.

**IT IS SO ORDERED**:

ENTER:

<u>    s/ Leon Jordan    </u><br>
United States District Judge